REQUESTED BY: Dear Senator:
This is in response to your letters of March 9th and March 13th, making two inquiries pursuant to determining whether to introduce legislation. The first question was whether the county might enter into an agreement with a city located within that county to expend funds for road improvements within that city under authority of Section 23-340, R.R.S. 1943. Our conclusion is that it may not.
It should be noted that Section 23-340, R.R.S. 1943, commences with the proposition that the county contemplates an improvement project outside the limits of the city. Under the proviso contained in the section, if the road lies along the city limits boundary line, the county is specifically limited to payment of two-thirds of half of the road outside the city only. Thus, instead of county money being spent inside the city, the statute provides for the city to spend city money inside or adjacent to the city and to also pay one-third of the cost of that portion outside the city, said one-third to come from special assessment against the abutting property within the city.
Your second question was whether, as a cooperative project, a county may spend tax money assessed under Section77-1605.01, R.R.S. 1943, to pave a street within a city located within the county. Again, we believe it may not.
Section 77-1605.01 R.R.S. 1943, authorizes property tax moneys of the county to be used for the construction or improvement of county roads within the counties and authorizes such funds to be used independently or cooperatively with other governmental agencies. Since the section specifically limits the use of these funds to county roads within the county, it would appear not to authorize the use of such funds on city streets within the city. It could be used for the share of the county in such cooperative projects as those contemplated by Section 23-340, discussed above.